**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHELE GRAY; M.G., *Minor*,

                                        Plaintiffs,

                    - v -                                        1:20-CV-712
                                                                    (GLS/DJS)

UNITED STATES DEPARTMENT OF JUSTICE,

                                        Defendant.

**APPEARANCES:**                        **OF COUNSEL:**

MICHELE GRAY
Plaintiff, *Pro Se*
165A Vandenburgh Place
Troy, NY 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

Plaintiff filed a Complaint in this action on June 29, 2020, and no Defendant has yet appeared in this action.  Dkt. No. 1.  Plaintiff has filed a Motion to Appoint Counsel, Dkt. No. 3, and a Motion to Participate in Electronic Filing, Dkt. No. 4.

### I.  PLAINTIFF'S MOTION FOR COUNSEL

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case."  *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number

of factors must be carefully considered by the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance.  A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious."  *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

The present action is in the very preliminary stages.  At this point, only allegations have been presented and no evidence has yet been submitted.   As such, it is too early for the Court to make the threshold determination that Plaintiff's claims are likely to be of substance.  Plaintiff's Motion is therefore denied, with leave to renew at a later stage of the case.

## II.  THE STATUS OF M.G. AS A PLAINTIFF IN THIS CASE

M.G., a minor, is listed on the Complaint as a Plaintiff as well as on the Civil Cover

Sheet.  Compl. and Dkt. No. 1-4, Civil Cover Sheet.  Initially, no allegations relating to

M.G. appear in the Complaint.

Importantly, in addition, Plaintiff may not bring this suit on behalf of a minor.

While a litigant in federal court has the right to act as his or her own counsel, "[a] person

who has not been admitted to the practice of law may not represent anybody other than

himself."  *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citation omitted).  This rule

extends to parents:  "[A] parent not admitted to the bar cannot bring an action *pro se* in

federal court on behalf of his or her child."  *Tindall v. Pultney High School Dist.*, 414

F.3d 281, 284-85 (2d Cir. 2005).  Therefore, insofar as the Complaint seeks to assert

claims on behalf of a minor, the Court recommends *sua sponte* dismissing the minor from

this action.[1]  *Bullock v. DSS, CPS, Comm'r*, 2018 WL 1115218, at *4 (N.D.N.Y. Jan. 18,

2018), *report and recommendation adopted*, 2018 WL 1111059 (N.D.N.Y. Feb. 26,

2018).  That dismissal, however, should be without prejudice to allow the minor, when

properly represented by legal counsel, to reassert these claims.[2]

---

[1] A district court "may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"  *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000).

[2] As explained in more detail above in Point I, there is no legal right to counsel in civil cases.  However, 28 U.S.C. § 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The Court cautions Plaintiff that while counsel may be appointed in appropriate circumstances, *see* FED. R. CIV. P 17(c); 28 U.S.C. § 1915(e)(1), counsel is not appointed in many cases, particularly where, as here, there is not a fully developed record from which an assessment of the merits of the case can be made.  *See Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (stating that, in determining whether

3

### III.  PLAINTIFF'S REQUEST FOR AUTHORIZATION TO ELECTRONICALLY FILE

Plaintiff has also sought authorization to electronically file documents.  Dkt. No. 4.  At this early stage in the proceedings, where Defendant has not yet appeared in the action, the Court denies Plaintiff's request with leave to renew if this case should proceed past initial stages.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that M.G. be **DISMISSED** from this action, but that any claims on M.G.'s behalf be permitted to be repled if the minor becomes properly represented; and it is

**ORDERED**, that Plaintiff's Motion for the Appointment of Counsel (Dkt. No. 3) is **DENIED WITH LEAVE TO RENEW**; and it is further

**ORDERED**, that Plaintiff's Request to Participate in Electronic Filing (Dkt. No. 4) is **DENIED WITH LEAVE TO RENEW**.

Dated: July 31, 2020
    Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

to appoint counsel, the court must first determine whether the indigent's claims are likely to be of substance, and then consider a number of factors regarding the nature of the case and the indigent's abilities).

4