**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHELE GRAY,**

                     **Plaintiff,**

                     **v.**

**UNITED STATES DEPARTMENT
OF JUSTICE,**

                     **Defendant.**
_____

**1:20-cv-712
(GLS/DJS)**

## SUMMARY ORDER

Plaintiff *pro se* Michele Gray commenced this action against defendant the United States Department of Justice (USDOJ), alleging various civil rights violations. (Compl., Dkt. No. 1.) On November 18, 2020, Gray filed what the court construed as a request for a clerk's certificate of default, (Dkt. No. 23), which the court denied because it was not apparent that service had been properly made on USDOJ, (Dkt. No. 25). The court ordered that the complaint would be dismissed unless Gray showed good cause for her failure to timely serve USDOJ, (*id.*), and Gray filed a letter in response, stating that she "believed [service] was done correctly," (Dkt. No. 26 at 1). Gray attached to her response proof of service to then-United States Attorney General William Barr, as well as to

the New York State Office of the Attorney General.  (*Id.*, Attachs. 1-2.)

On January 15, 2021, the court issued a Summary Order, explaining that Gray had not properly served USDOJ, and she was afforded thirty additional days to file proof of such proper service.  (Dkt. No. 27.)  In that Summary Order, the court also explained to Gray that she must serve USDOJ in accordance with Rule 4(i) of the Federal Rules of Civil Procedure, and that "service on the New York State Office of the Attorney General does not satisfy Rule 4(i)(1)(A)."  (*Id.* at 2-4.)

Now pending is what the court construes as Gray's renewed request for a clerk's certificate of default.  (Dkt. No. 29.)  But Gray has yet to properly serve USDOJ.  As explained to Gray previously, (Dkt. No. 27 at 2), pursuant to Rule 4(i)(2), to serve a United States agency, *e.g.*, USDOJ, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency."  Fed. R. Civ. P. 4(i)(2).  And pursuant to Rule 4(i)(1):

> To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail

2

>     to the civil-process clerk at the United States attorney's office; [and] (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1).

Gray has not shown the required proof of service on the "United States attorney for the district where the action [was] brought," here, the United States Attorney for the Northern District of New York, or an assistant United States Attorney or clerical employee whom the United States attorney has designated.  Fed. R. Civ. P. 4(i)(1)(A).  Indeed, despite the court explaining to Gray that "service on the New York State Office of the Attorney General does not satisfy Rule 4(i)(1)(A)," (Dkt. No. 27 at 4), she inexplicably continues to serve New York Attorney General Letitia James, (Dkt. Nos. 28, 29).

Because proper service has not been made within sixty days of the filing of Gray's complaint, the time prescribed by the Local Rules of Practice, *see* N.D.N.Y. L.R. 4.1(b), the court "must dismiss the action without prejudice . . . or order that service be made within a specified time," unless good cause is shown, Fed. R. Civ. P. 4(m).  Here, the court has already afforded Gray ample opportunity to properly serve USDOJ, and

3

she continues to fail to effect such proper service. (Dkt. Nos. 25-28.) Accordingly Gray's complaint, (Dkt. No. 1), is dismissed without prejudice in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly, it is hereby

**ORDERED** that Gray's request for a clerk's certificate of default (Dkt. No. 29) is **DENIED**; and it is further

**ORDERED** that Gray's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m); and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

April 21, 2021
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

4